IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cr-4273-JB |
| | ) |
| MIGUEL ANDREW GALLEGOS | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO THE UNITED STATES SEALED SUPPLEMENTAL RESPONSE TO DEFENDANT'S FORMAL OBJECTIONS TO THE PRESENTENCE REPORT AND MOTION FOR DOWNWARD VARIANCE UNDER 18 U.S.C. § 3553(a)**

Defendant Miguel Andrew Gallegos, by and through his attorney, Gregory M. Acton, hereby replies to the United States' Sealed Supplemental Response to Defendant's Formal Objections to the Presentence Report and Motion for Downward Variance (Doc. 47) (hereinafter "Supplemental Response" or "Supp. Resp."), as follows:

INTRODUCTION

In its Supplemental Response, the Government argues that Mr. Gallegos has admitted to facts that constitute felony embezzlement under New Mexico law, and that Mr. Gallegos' possession of a firearm emboldened him in committing that offense. It argues that therefore the four level upward sentencing enhancement of U.S.S.G. § 2K2.1(b)(6) applies. Supp. Resp. 1-4.

Mr. Gallegos denies that he embezzled the vehicle; he simply borrowed it. Mr. Gallegos denies that he had the "fraudulent intent" required for embezzlement. Moreover, no reasonable person would feel that a firearm would aid him in any way in not returning a car as quickly as the owner insisted. Finally, as a point of clarification, Mr. Gallegos has never suggested that he "did not respond" to Ms. Chacon in her attempts to contact him while he was using her vehicle. *See* Resp. 1.

DISCUSSION

Under New Mexico law, "[e]mbezzlement consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with *fraudulent intent* to deprive the owner thereof." NMSA 1978, § 30-16-8 (a) (emphasis added). The third essential element in the uniform jury instructions reads, "At the time the defendant converted _____(property or money), the defendant fraudulently intended to deprive the owner of the owner's property. 'Fraudulently intended' means intended to deceive or cheat." UJI 14-1641 NMRA; *see also State v. Curry*, 52 P.3d 974, 977 ("Fraudulent intent is defined as the intent to cheat or deceive.").

1. No Evidence Exists that Mr. Gallegos Had Any Intent to Cheat or Deceive When Borrowing the Vehicle

Thankfully, the law of embezzlement includes the intent to cheat or deceive to distinguish it from such trivial disputes as taking too long to run an errand in a borrowed car.

As Mr. Gallegos explained in his Objections, he and Ms. Chacon "had spent the better part of two days together. Ms. Chacon lent the car to Mr. Gallegos to run an errand. In the hour leading up to his arrest, Ms. Chacon called Mr. Gallegos multiple times worried that he was not going to return." Objections 3 (Doc. 35). He never stated that he did not answer the phone. He was just not returning as fast as she wanted.

Nothing that Mr. Gallegos has stated in his relation of events suggests any deception or cheating in his borrowing Ms. Chacon's vehicle. Of course, Ms. Chacon claimed that Mr. Gallegos stole the vehicle outright by deception, which Mr. Gallegos denies. Objection 3-4. The Court will

have to weigh her credibility after she testifies and is cross-examined at sentencing. But Mr. Gallegos' own admissions do not suggest any deception or cheating.

        2.       Possession of the Firearm Did Not Embolden Mr. Gallegos

For Mr. Gallegos' possession of a firearm to be connected to his borrowing of the car, even if characterized as embezzlement, it must have given him some sense of needed security to stay out longer than expected; it must have emboldened him. *See United States v. Barela*, 102 F.Supp 3d 1212, 1228 (D.N.M. 2015) (quoting *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (focusing, in reference to controlled substance possession, on whether the "firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might want to take from him by force").

The nature of the situation, Mr. Gallegos out longer-than-expected in a borrowed car, is not such that he might feel worried that Ms. Chacon might go out (maybe by borrowing someone else's car?), find him, and take the vehicle back–<u>by force</u>. Even in such a fanciful scenario, if Ms. Chacon had somehow gone out and found him on his errand, no reason exists to expect that he would not simply have given the car back to her (hoping maybe she would give him a ride home).

The firearm did not embolden Mr. Gallegos because no reasonable person would feel endangered simply because they were taking too long on a errand in a borrowed car. Nothing about that situation suggests that either the person or the car would need to be protected by a firearm. Thus the firearm possession was not "in connection with" his borrowing of the car, whether characterized as embezzlement or otherwise.

For the foregoing reasons, Defendant Miguel Andrew Gallegos respectfully requests the Court to decline to impose the sentencing enhancements in U.S.S.G. § 2K2.1(b)(6)(B) in calculating the applicable offense level in the sentencing guidelines.

Respectfully submitted,
  *s/ Gregory M. Acton*
Attorney for Defendant
3811 Atrisco Dr. NW, Suite B
Albuquerque, New Mexico  87120
(505) 338-0453

I hereby certify that the foregoing was served upon all parties entitled to notice via the CM/ECF Notice of Filing this 22nd  day of July 2016.

   *s/ Gregory M. Acton*