IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                      No. CR 15-4273 JB

MIGUEL ANDREW GALLEGOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on (i) the Defendant's Sealed Formal Objections to the Presentence Investigative Report, filed May 31, 2016 (Doc. 35)("Objections"); and (ii) the Defendant's Reply to the United States [sic] Sealed Supplemental Response to Defendant's Formal Objections to the Presentence Report and Motion for Downward Variance Under 18 U.S.C. § 3553(a), filed July 7, 2016 (Doc. 55)("Reply").  The primary issues are: (i) whether the Court should sustain Defendant Miguel Andrew Gallegos' Objection to a 4-level enhancement under § 2K2.1(b)(6) of the United States Sentencing Guidelines ("USSG") for vehicle theft; and (ii) whether the Court should sustain Gallegos' Objection to a 4-level enhancement under USSG § 2K2.1(b)(6) for embezzlement.  The Court sustains both objections.

---

[1] In its Sealed Memorandum Opinion and Order, filed March 13, 2017 (Doc. 58)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court filed a public version.  See Sealed MOO at 1 n.1.  The Court gave the parties 14 calendar days to provide notice of any proposed redactions.  See Sealed MOO at 1 n.1.  The Court incorporates herein the proposed redactions.  Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

**FACTUAL BACKGROUND**

The Court takes its recitation of the facts from (i) the Presentence Investigation Report, filed March 29, 2016 (Doc. 28)("PSR"); and (ii) the State of New Mexico Uniform Incident Report (taken July 23, 2015), filed July 1, 2016 (Doc. 46-1)("Police Report"). The Court relies on the PSR's and the Police Report's factual allegations for contextual purposes only, particularly because Gallegos objects to certain of these allegations. The Court will more fully detail Gallegos' version of events in the Procedural Background section, infra.

On July 24, 2015, the Bernalillo County Sheriff's Office was investigating a vehicle reported stolen from a gasoline station in Albuquerque, New Mexico. See PSR ¶ 8, at 3; Police Report at 2. The vehicle's owner, Yvonne Chacon, reported that she had run out of gas roughly 200 yards away from the gasoline station. See Police Report at 2. Chacon stated that she got out of her vehicle and began to push it toward the station when she was approached by an individual, later identified as Gallegos, who offered to help push the vehicle. See Police Report at 2. Chacon said that, when they arrived at the station, she went inside to pay for gasoline. See PSR ¶ 8, at 3; Police Report at 2. She stated that she left her vehicle's doors unlocked and the keys in the ignition. See Police Report at 2. She stated that, while she was waiting inside to pay for gas, Gallegos stole her vehicle. See PSR ¶ 8, at 3; Police Report at 2. She averred that she did not know Gallegos and that she did not give him permission to take her vehicle. See PSR ¶ 8, at 3; Police Report at 2.

Shortly thereafter, deputies found the vehicle parked outside a home located a mile away from the gasoline station, with Gallegos sitting inside the vehicle. See PSR ¶ 8, at 3; Police Report at 2. As the deputies approached the vehicle, Gallegos fled on foot. See PSR ¶ 8, at 3; Police Report at 6. A deputy apprehended Gallegos in the home's yard and took him into custody. See PSR ¶ 9, at

3; Police Report at 6. Gallegos was found in possession of a firearm that had been reported stolen. See PSR ¶ 9, at 3.

On December 1, 2015, a grand jury returned a single-count indictment against Gallegos for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Indictment at 1, filed December 1, 2015 (Doc. 1). Gallegos entered a guilty plea pursuant to a plea agreement on January 29, 2016. See Plea Agreement at 1, filed January 29, 2016 (Doc. 25)("Plea Agreement"). In the Plea Agreement, Gallegos plead guilty to being a Felon in Possession of a Firearm and admitted the following facts:

> 8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:
> 
> 9. As of July 24, 2015, I had been previously convicted of two felonies, child abuse (negligently caused) (no death or great bodily harm), and possession of a controlled substance. Because of these prior felony convictions, I knew that it was unlawful for me to possess a firearm or ammunition.
> 
> 10. On July 24, 2015, I admit that I had a North American .22 caliber revolver, serial number L161778, in my pocket at the time of my arrest. I further admit that the firearm was loaded with four Federal brand .22 caliber cartridges. This occurred in the District of New Mexico. My possession of the firearm and ammunition affected interstate commerce as neither was manufactured in this District.
> 
> 11. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

Plea Agreement ¶¶ 8-11, at 3-4.

## PROCEDURAL BACKGROUND

The United States Probation Office ("USPO") filed a Presentence Investigative Report on March 29, 2016. See PSR at 1. In the PSR, the USPO calculates a sentencing range of 84 to 105 months, based on an offense level of 23 and a criminal history category of V. See PSR ¶ 64, at 14. The USPO calculates a base offense level of 20 predicated upon a prior conviction for a crime of violence or for a controlled substance offense, pursuant to USSG § 2K2.1. See PSR ¶ 16, at 4. The PSR calculates 2 additional levels pursuant to § 2K2.1(b)(4)(A), because the firearm was previously stolen, see PSR ¶ 17, at 5, and a 4-level enhancement under § 2K2.1(b)(6) for Gallegos' possessing the firearm "in connection with another felony offense," PSR ¶ 18, at 4, i.e., the "unlawful taking of a motor vehicle," PSR ¶ 10, at 4. Finally, the PSR subtracts 2 levels under § 3E1.1(a) for Gallegos' acceptance of responsibility for the offense, see PSR ¶ 24, at 5, and subtracts 1 level pursuant to § 3E1.1(b), because Gallegos assisted authorities in investigating and prosecuting his misconduct by "timely notifying authorities of the intention to enter a plea of guilty," PSR ¶ 25, at 5.

Gallegos filed a memorandum objecting to the PSR's § 2K2.1(b)(6) "in connection with" enhancement on May 31, 2016. Objections at 1. Gallegos "categorically denies he stole a motor vehicle," asserting that "the vehicle was lent to him by Yvonne Chacon," [REDACTED]. Objections at 3. Gallegos argues that Chacon reported the car stolen, because she was worried that Gallegos would not return it. See Objections at 3-4. Gallegos argues that his objection to the § 2K2.1(b)(6) enhancement requires that the United States prove by a preponderance of the evidence that he stole the vehicle before the enhancement may be based on that alleged felony. See Objections at 4 (citing United States v. Delossantos, 680 F.3d 1217, 1219 (10th Cir. 2012)).

Gallegos also moved for a downward variance pursuant to 18 U.S.C. § 3553(a) on May 31, 2016. See Defendant's Motion for Downward Variance Under 18 U.S.C. § 3553(a) at 1, filed May

31, 2016 (Doc. 36)("Motion"). Relevant here, Gallegos supplies additional factual background for the events surrounding his arrest. See Motion at 1-2. Gallegos explains that, on July 22 or 23, 2015, he met Chacon at a convenience store [REDACTED]. See Motion at 2. Gallegos contends that [REDACTED] Chacon lent him her car to run an errand. Motion at 2. Gallegos states that Chacon, whom he did not know well, grew nervous and called Gallegos "repeatedly over the course of about an hour." Motion at 2. Gallegos asserts that he "assured her that he would be back soon," but that Chacon nevertheless called the police and reported her car stolen. Motion at 2.

The United States responded to Gallegos' Objections and Motion on July 1, 2016. See United States' Sealed Response to Defendant's Formal Objections to the Presentence Report (Docs. 35 & 39), and Motion for Downward Variance under 18 U.S.C. § 3553(a) (Doc. 36) at 1, filed July 1, 2016 (Doc. 46)("Response"). In its Response, the United States asserts that "the circumstances surrounding the defendant being caught in Ms. Chacon's vehicle corroborates her version of events," and demonstrate that "the defendant's rendition of events is wholly implausible and completely manufactured." Response at 6. First, the United States notes that Chacon called the police from a gas station more than a mile away from where deputies located the vehicle. See Response at 6. The United States asserts that it is illogical that Chacon would travel to the gas station to fabricate a false report of her vehicle being stolen from there, because the station's security footage would contradict that fabrication. See Response at 6. Second, the United States notes that Chacon's vehicle "was, in fact, out of gas," and that it was located more than a mile from the gas station. Response at 6. In the United States' view, Gallegos' version of events requires that the Court not only accept that Chacon invented the story about her vehicle being stolen after running out of gas, and that Chacon went to a gas station to report the theft "solely to buttress her position," but that the Court must "also accept as pure coincidence that the defendant ran out of gas." Response at 6-7. Third, the United States posits

that there are no telephone records to verify whether Chacon called Gallegos before she reported the vehicle stolen, because Gallegos "claimed that he borrowed a friend's phone" and therefore never furnished a telephone number for corroborative purposes. Response at 7. All this reasoning, the United States asserts, requires that the Court make several "intellectual leaps." Response at 7. The true version of events, according to the United States, is that Chacon's "vehicle ran out of gas and, after helping her push the car to the gas station, the defendant stole Ms. Chacon's vehicle." Response at 8.

On July 8, 2016, the United States filed a Supplemental Response to Gallegos' Objections and Motion. See United States' Sealed Supplement Response to Defendant's Formal Objections to the Presentence Report (Docs. 35 & 39), and Motion for Downward Variance Under 18 U.S.C. § 3553(a) (Doc. 36) at 1, filed July 8, 2016 (Doc. 47)("Suppl. Response"). The United States argues that, should the Court agree with Gallegos' version of events, the "four-level enhancement is still proper because the defendant committed felony embezzlement pursuant to N.M.S.A. § 30-16-8, and the defendant's possession of the firearm enhanced that embezzlement." Suppl. Response at 2. The United States posits that "Chacon entrusted her vehicle with the defendant, and the defendant converted the vehicle to his own use." Suppl. Response at 2. The United States avers that, although "the defendant may claim that he was going to return Ms. Chacon's vehicle to her, his [sic] still committed felony embezzlement." Suppl. Response at 2 (footnote omitted). The United States also contends that Gallegos' "intent to borrow Ms. Chacon's vehicle and then refus[al] to return was very much emboldened by the fact that the defendant knew he had a loaded firearm in his pocket." Suppl. Response at 3. Accordingly, the United States argues, "the four-level enhancement for possession of the firearm in connection with a felony offense, that being embezzlement of Ms. Chacon's vehicle,

applies, and serves as an alternative basis on which to overrule the defendant's objection." Suppl. Response at 3.

Gallegos replied on July 22, 2016. See Reply at 1. The Reply focuses on the newly raised embezzlement issue. See Reply at 1-4. Gallegos "denies that he embezzled the vehicle; he simply borrowed it." Reply at 1. Gallegos notes that, in New Mexico, embezzlement requires "intent to cheat or deceive," and contends that his version of events does not "suggest[] any deception or cheating in his borrowing Ms. Chacon's vehicle." Reply at 2. Rather, he argues, Chacon reported the vehicle stolen because Gallegos "was just not returning as fast as she wanted." Reply at 2. Gallegos avers that the Court will have to weigh Chacon's credibility after she testifies and after he cross-examines her at sentencing, but that his "own admissions do not suggest any deception or cheating." Reply at 2-3. Gallegos also asserts that his possession of the firearm did not "embolden" him to embezzle the vehicle. Reply at 3. He avers that the "nature of the situation, Mr. Gallegos out longer-than-expected in a borrowed car, is not such that he might feel worried that Ms. Chacon might go out . . . , find him, and take the vehicle back -- by force." Reply at 3 (emphasis in original). Essentially, he argues, the "firearm did not embolden Mr. Gallegos because no reasonable person would feel endangered simply because they were taking too long on an errand in a borrowed car." Reply at 3. Gallegos argues that, accordingly, "the firearm possession was not 'in connection with' his borrowing of the car, whether characterized as embezzlement or otherwise." Reply at 3.

## **ANALYSIS**

The Court concludes that the United States has not proved, by a preponderance of the evidence, that Gallegos committed felony theft of Chacon's vehicle. The Court likewise concludes that the United States has not proved, by a preponderance of the evidence, that Gallegos had the

requisite fraudulent intent to embezzle the vehicle. Accordingly, the Court will sustain Gallegos' objections to the 4-level enhancement pursuant to USSG § 2K2.1(b)(6) for either offense.

I. **THE COURT WILL SUSTAIN GALLEGOS' OBJECTION TO A 4-LEVEL ENHANCEMENT UNDER USSG § 2K2.1(b)(6) FOR VEHICLE THEFT.**

"The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate." States v. Delossantos, 680 F.3d at 1219 (quoting United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997))(internal quotation marks omitted). The Court concludes that the United States has not made such a showing regarding Gallegos' alleged theft of Chacon's vehicle. Accordingly, the Court declines to apply the 4-level enhancement for vehicle theft pursuant to USSG § 2K2.1(b)(6).

Section 2K2.1(b)(6) provides for a 4-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense[.]" USSG § 2K2.1(b)(6) (emphasis omitted). According to the United States, this enhancement applies, because Gallegos possessed a firearm when he unlawfully took Chacon's vehicle. See PSR ¶¶ 10, 18, at 4. The United States argues that Chacon encountered Gallegos while she was pushing her car, which had run out of gas, to a gas station. See Response at 8. It asserts that Gallegos stole Chacon's car while she was inside paying for her gas, that Chacon called the police from the gas station, and that police officers found Gallegos in Chacon's car roughly one mile away from the gas station. See Response at 6-8. Finally, it argues that Chacon confirmed in person that Gallegos stole the vehicle. See Response at 8. Gallegos, by contrast, argues that he borrowed Chacon's car to run an errand and that she falsely reported the car stolen to the police. See Objections at 3; Motion at 2. Gallegos asserts that Chacon called him repeatedly in the hour leading up to his arrest and that she reported the car stolen because she was nervous that Gallegos would not return it. See Motion at 2.

The Court cannot fully credit either of these narratives on the evidence before it. It is implausible that Chacon, while drunk, would go to a gas station to call the police merely to reinforce her false account of the vehicle theft.[2] It is also unlikely that Gallegos borrowed a friend's telephone, conveniently preventing the police from confirming that Chacon called him about the car. On the other hand, the Court does not know how Gallegos could have driven the car away, given that it was out of gas and that Chacon was "waiting" to pay for gas inside. Most, if not all, gas stations do not allow customers to fuel their vehicles before paying for the gasoline. The Court could fill in the blank -- perhaps Gallegos used a credit card to pay for some fuel[3] or the car was not truly out of gas.[4] The United States has not presented Chacon's testimony, however, and the police report merely provides her account of events. Accordingly, because there is insufficient evidence that Gallegos unlawfully took Chacon's motor vehicle, the Court will not apply the 4-level enhancement.

## II. THE COURT WILL SUSTAIN GALLEGOS' OBJECTION TO A 4-LEVEL ENHANCEMENT UNDER USSG § 2K2.1(b)(6) FOR EMBEZZLEMENT.

The United States' argument that Gallegos committed felony embezzlement under N.M. Stat. Ann. § 30-16-8, see Suppl. Response at 2, does not alter the Court's conclusion that the enhancement under § 2K2.1(b)(6) should not apply. The United States avers that, even adopting Gallegos' version of events, he still embezzled by temporarily converting Chacon's vehicle to his own use. See Suppl. Response at 2-3. According to the United States, "Chacon entrusted her vehicle with the defendant,

---

[2] The United States also argues that, by Gallegos' version of events, Chacon's "entire scheme would have been destroyed if deputies pulled the security footage from the gas station (which, if you believe the defendant, would not show her vehicle as having been there)[.]" Response at 6. The Court doubts whether Chacon, who was drunk, would have worried about the possibility of security footage from the gas station.

[3] This scenario seems unlikely, given that the United States asserts that the car was out of gas roughly one mile away when the police located it. See PSR ¶ 8, at 3.

[4] This scenario, too, seems unlikely, as Chacon would not have needed to push her car to the gas station if it still had gas in it. See Police Report at 2.

and the defendant converted the vehicle to his own use." Suppl. Response at 2. Aside from this cursory assertion, however, the United States proffers no compelling evidence that Gallegos had the requisite fraudulent intent to embezzle. See N.M. Stat. Ann. § 30-16-8(a) ("Embezzlement consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof."). Gallegos concedes that Chacon called him numerous times, worried that he would not return the car. See Motion at 2; Reply at 2. He allows that he may have answered the telephone. See Reply at 2 ("He never stated that he did not answer the phone."). These facts alone, however, do not demonstrate that Gallegos intended to deprive Chacon of the vehicle. Gallegos may simply have run an errand too far from the house, and taken -- in Chacon's mind -- too long to return. Given that Chacon will not testify, the Court has no sufficient way to establish Gallegos' intent by a preponderance of the evidence. His explanation may seem implausible, but the Court is not responsible for filling gaps in the United States' case. The Court thus declines to apply the 4-level enhancement for embezzlement pursuant to USSG § 2K2.1(b)(6).

**IT IS ORDERED** that (i) the Defendant's Sealed Formal Objections to the Presentence Investigative Report, filed May 31, 2016 (Doc. 35), is sustained with respect to Defendant Miguel Andrew Gallegos' objection to the 4-level enhancement under USSG § 2K2.1(b)(6) for vehicle theft; and (ii) the objection to the 4-level enhancement under USSG § 2K2.1(b)(6) for embezzlement in the Defendant's Reply to the United States Sealed Supplemental Response to Defendant's Formal Objections to the Presentence Report and Motion for Downward Variance Under 18 U.S.C. § 3553(a), filed July 7, 2016 (Doc. 55), is sustained.

                                          _____
                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Damon P. Martinez
  United States Attorney
Shana B. Long
Alexander Mamoru Max Uballez
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Gregory M. Acton
Albuquerque, New Mexico

      *Attorney for the Defendant*